# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10721
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ATUL NANDA; JITEN JAY NANDA,

Defendants-Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-65-1
USDC No. 3:13-CR-65-2

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Atul Nanda and Jiten "Jay" Nanda (the Nandas) appeal the denial of their motion for a new trial based on newly discovered evidence under Federal Rule of Criminal Procedure 33. On direct appeal, we affirmed the Nandas' convictions for crimes arising from a conspiracy to commit visa fraud. *United States v. Nanda*, 867 F.3d 522, 525 (5th Cir. 2017), *cert. denied*, 2018 WL

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10721

1317816 (Apr. 16, 2018) (No. 17-8114).  The new-trial motion was filed while the direct appeal was pending.

We review the denial of a new-trial motion for abuse of discretion. *United States v. Pratt*, 807 F.3d 641, 645 (5th Cir. 2015).  "Questions of law are reviewed de novo, but the district court's findings of fact must be upheld unless they are clearly erroneous."  *Id.* (internal quotation marks and citation omitted).  Rule 33 motions are not favored.  *Id.*

The Nandas argue that the Government promised two testifying codefendants that they would not be immediately deported and that the promise was not revealed until sentencing, when the Government sought to modify a restitution award to preclude the codefendants' convictions from qualifying as "aggravated felonies."  The Nandas also assert that the codefendants testified falsely, with the Government's knowledge, that they had not been promised a particular immigration result.

The codefendants' plea agreements stated that the Government could not promise a particular immigration result.  Moreover, prior to trial, the Government accurately disclosed the intent of the agreements.  Thus, the district court did not clearly err by concluding that there was no undisclosed promise.  Further, the district court did not clearly err by finding that the codefendants did not testify falsely as to their understanding of their plea agreements, even if that understanding may have been incomplete in some respects.  *See Pratt*, 807 F.3d at 645; *see also United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *United States v. Simpson*, 741 F.3d 539, 555 (5th Cir. 2014).  Finally, even were we to assume there was undisclosed impeachment evidence or false testimony, there is no reasonable likelihood that it affected the verdict.  *See United States v. Stanford*, 823 F.3d 814, 838-39 (5th Cir. 2016).

The judgment is AFFIRMED.